**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000357
28-MAR-2024
08:18 AM
Dkt. 181 SO**

NO. CAAP-22-0000357

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

K.P., Petitioner-Appellant,
v.
E.M., Respondent-Appellee

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(CASE NO. 2PA211000062)

### SUMMARY DISPOSITION ORDER

(By: Leonard, Acting Chief Judge, Nakasone and Guidry, JJ.)

Petitioner-Appellant K.P. (**mother**) appeals from the

Family Court of the Second Circuit's[1] (**family court**) "Findings of

Fact, Conclusions of Law, Decision and Order[,]" entered

March 28, 2022 (**Order**), which denied mother's petition for

---

[1] The Honorable Lance D. Collins presided.

custody of the two minor children (collectively, **the children**),[2] and "Order Denying Petitioner's Motion for Reconsideration, Clarification and Further Hearing, filed April 7, 2022"[3] (**Order Denying Reconsideration**). The family court's Order granted Respondent-Appellee E.M. (**father**) sole legal and physical custody of the children, and permitted father to relocate and return to the State of Utah with the children.

Mother raises two points of error on appeal. Upon careful review of the record and briefs, and having given due consideration to the arguments advanced and the issues raised, we resolve Mother's contentions as follows:

(1) Mother contends that the family court "erred as a matter of law, and abused [its] discretion when [it] dissolved Judge Healy's [sic] [amended] protective order,[4] granted father

---

[2] Mother's Petition for Custody, Visitation, Support Orders After Voluntary Establishment of Paternity, entered May 6, 2021, requested that the family court grant mother legal and physical custody of the children, and no visitation between father and the children until further order of the family court. Father's Motion for Emergency Custody and Relocation, entered August 12, 2021, requested that the family court grant father temporary emergency custody of the children, and permit father to relocate to Utah with the children.

[3] The Order Denying Reconsideration was filed in the family court on April 25, 2022.

[4] The Honorable Judge Adrianne Heely (**Judge Heely**) issued the protective order, in October 2021, in the separately docketed Domestic Abuse case (**Domestic Abuse case**), FC-DA No. 21-1-0510. The transcript of the November 2021 evidentiary hearing in the Domestic Abuse case, on mother's petition requesting the protective order, was filed in this custody case. The protective order was amended in December 2021 (**amended protective order**). At the time the amended protective order was entered, Judge Heely was presiding over both the Domestic Abuse case and this custody case. Although the Domestic Abuse case was not formally consolidated with this custody case, the record reflects the parties' understanding that no further motions were to be

(continued . . .)

sole custody and relocation to Utah with the children, and limited mother to supervised visitation of uncertain time, place and duration."

We review the family court's rulings under the abuse of discretion standard. "Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion." In re Doe, 95 Hawaiʻi 183, 189, 20 P.3d 616, 622 (2001) (cleaned up). "[W]e will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason." Id. (cleaned up).

We conclude that the family court did not abuse its discretion by dissolving the amended protective order. Although Judge Heely issued the amended protective order in the separate Domestic Abuse case, this custody matter is a closely-related proceeding that involves the same parties. In addressing the custody matter, the family court considered the children's

---

4(continued . . .)
filed in the Domestic Abuse case, and that "everything would be heard" in this custody case.

It appears that, subsequent to Judge Heely's issuance of the amended protective order, the Domestic Abuse case and this paternity case were both reassigned, such that Judge Heely was no longer the presiding judge in these cases.

safety and made findings and conclusions, based on the evidence presented at the custody trial,[5] that there was insufficient evidence of sexual or other abuse of the children by father.[6]  On this basis, the family court did not abuse its discretion by dissolving the amended protective order in this case docket, as well as in the Domestic Abuse case docket.

We further conclude that the family court did not err in awarding father sole physical and legal custody, and granting father permission to relocate and return to the State of Utah with the children.  The family court made sufficient findings and conclusions, based on the record evidence, that this would be in the children's best interest.[7]  AC v. AC, 134 Hawaiʻi 221,

---

[5]     The custody trial was held on January 28 and 31, 2022, and February 15, 2022.

[6]      "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact."  In re Doe, 95 Hawaiʻi at 190, 20 P.3d at 623.

[7]     The family court found, *inter alia*, that mother filed multiple petitions for a TRO or protective order because "Mother has coached the minor children to make statements regarding inappropriate touching by Father[.]"

The family court also made the following conclusions regarding the children's best interest,

> 21.  Father is a fit and proper parent who can provide a stable, safe and wholesome home for the minor children in Utah.

> 22.  Mother is not present [sic] a fit or proper parent who can provide a stable, safe and wholesome home for the minor children.

(continued . . .)

230, 339 P.3d 719, 728 (2014) ("[I]n child custody cases, a guiding principle for family courts in awarding custody under Hawai‘i law is the best interest of the child.") (cleaned up); DJ v. CJ, 147 Hawai‘i 2, 23, 464 P.3d 790, 811 (2020) ("[T]he governing consideration is not a parent's interests, but whether allowing relocation is in the best interests of the child.") (cleaned up); see also HRS § 571-46 (2018).

The family court's findings of fact (**FOF**) are not clearly erroneous. Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 116, 839 P.2d 10, 28 (1992) ("Where there is substantial evidence, which is credible evidence of sufficient quantity and probative value to justify a reasonable person in reaching conclusions that support the FOFs, the FOFs cannot be set aside.") (citation omitted). Moreover, the family court's mixed findings of fact are not clearly erroneous, and its conclusions of law are not wrong. Id. at 119, 839 P.2d at 29 ("A COL that is supported by the trial court's FOFs and that

---

[7](continued . . .)

23. Father's relocation plan is realistic, credible and sustainable.

24. Mother's conduct demonstrates she is unable to act in the best interest of the minor children and that unsupervised visitation of the children would presently be detrimental to their best interest.

25. Mother's actions demonstrate that either she is unable to separate her needs from the minor children or she is unable to protect the children from her parents' needs and wants.

reflects an application of the correct rule of law will not be overturned.  However, a COL that presents mixed questions of fact and law is reviewed under the clearly erroneous standard[.]") (citation omitted).

On this record, we conclude that the family court did not abuse its discretion in awarding sole legal and physical custody to father, and allowing the children to relocate with father out-of-state.

(2) Mother contends that the family court "denied mother due process of law and her [] fundamental liberty interest in the care, custody and control of her children, by limiting this case to a two-day trial because of court congestion, refusing to admit evidence regarding the credibility of the children's disclosures and Mother's good faith, and vacating a prior judge's protective order. . . ."[8]  We conclude that mother's contentions lack merit for the reasons set forth in section (1), *supra*.

---

[8]     We decline to address mother's contentions regarding the family court's limitations on the duration of trial, and the admission of evidence, because those contentions were not properly raised pursuant to Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4)(ii) and (iii).  HRAP 28(b)(4) ("Each point [of error] shall state . . . (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency.").

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

For the reasons set forth above, the family court's Order and Order Denying Reconsideration are affirmed.

DATED:  Honolulu, Hawai'i, March 28, 2024.

On the briefs:

Peter Van Name Esser,
for Petitioner-Appellant.

Benard M. Herren,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge